IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN BURLOW,                                            Case No.
                                                         Hon.
Plaintiff,

v.

CITY OF DETROIT, OFFICER ATTO RAMIZ (#3507),
OFFICER PHILIP S. TILLISON (#4615),
In their official and individual capacities,
Jointly and severally,

Defendants.
_____/
Ronnie E. Cromer, Jr. (P59148)
The Cromer Law Group, PLLC
Attorneys for Plaintiff Burlow
24901 Northwestern Hwy., Ste.612
Southfield, MI 48075 Detroit, MI 48226
(248) 809-6790 (office)
rcromerjr@thecromerlawgroup.com
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff Kevin Burlow, by and through his attorneys, alleges as follows:

1. This is an action for damages and other relief pursuant to 42 U.S.C. § 1983 based upon Defendants' violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district.

4. Plaintiff Kevin Burlow is an adult resident of the City of Detroit, County of Wayne, State of Michigan.

5. Defendant City of Detroit is a municipal corporation duly incorporated under the laws of the State of Michigan.

6. At all times relevant herein, Defendant Officer Atto Ramiz and Defendant Officer Philip S. Tillison (collectively, "Defendant Officers") were duly appointed police officers of the Detroit Police Department, and were acting under color of state law, including under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Michigan and/or the City of Detroit. Defendant Officers are sued in their individual capacities.

7. The identities of Defendant Officers Atto Ramiz and Philip S. Tillison are presently unknown to Plaintiff and will be substituted when they become known.

**Factual Background**

8. On or about February 13, 2022, Plaintiff Kevin Burlow entered a Citgo gas station in Detroit, Michigan to purchase lottery tickets.

9. Plaintiff was lawfully carrying a concealed firearm on his person, for which he had a valid Michigan Concealed Pistol License ("CPL").

10. As Plaintiff was paying for his items at the counter, Defendant Officers entered the gas station to respond to an unrelated 911 call.

11. Defendant Officer Ramiz approached Plaintiff from behind and seized the firearm from Plaintiff's waistband area, without consent or authority.

12. Only after seizing Plaintiff's firearm did Defendant Officer Ramiz ask Plaintiff if he had a valid CPL.

13. Plaintiff immediately informed Defendant Officer Ramiz that he did have a valid CPL and retrieved it from his wallet to show the officers.

14. Defendant Officer Ramiz handed Plaintiff's firearm to Defendant Officer Philip S. Tillison. Ramiz then told Officer Tillison to watch/detain Plaintiff while Tillison took Plaintiff's CPL credentials to the squad car to verify their validity.

15. At this time, while Plaintiff believed he was not free to leave, he specifically told Defendant Officer Ramiz that seizing his firearm from his person without consent was unlawful, dangerous, and startling. In response, Ramiz asserted that his actions were lawful and pursuant to policy.

16. After verifying the CPL was valid, Defendant Officers eventually returned Plaintiff's firearm and CPL to him before leaving the gas station but only after discharging the same.

17. At no point before seizing Plaintiff's firearm did Defendant Officers have reasonable suspicion or probable cause to believe Plaintiff was engaged in any criminal activity.

18. Defendant Officers' seizure of Plaintiff's firearm without reasonable suspicion or probable cause violated Plaintiff's clearly established rights under the Fourth Amendment.

19. Moreover, Defendant City of Detroit had failed to properly train, supervise, and discipline its police officers, including Defendant Officers, regarding lawful seizures of firearms under Michigan law.

20. For example, in a nearly identical incident that occurred prior to Plaintiff's seizure, Detroit police officers were found by a federal court to have improperly seized a firearm from a citizen who had a valid CPL, demonstrating the City's failure to train its officers properly on this legal issue. *See Michael Watson v. City of Detroit,* E.D. Mich. Case No. 21-cv-13042-RHC-JJCG.

21. Wayne County Prosecutor's Office has also regularly turned down Detroit police officers' arrest warrant requests regarding concealed carry arrests, indicating a systemic lack of understanding of probable cause requirements in this context that Defendant City of Detroit failed to rectify through proper training, supervision, and discipline of its officers.

22. Defendant City of Detroit's failure to adequately train, supervise, and discipline its police officers, including Defendant Officers, with respect to lawful seizures of firearms constituted deliberate indifference to the rights of Plaintiff and other citizens.

23. Defendant City of Detroit's policies, customs, and practices were a moving force behind and proximate cause of the violation to Plaintiff's constitutional rights.

**Count I - 42 U.S.C. § 1983 Fourth Amendment Violation**

**(Against Defendant Officers)**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. Defendant Officers, while acting under color of state law as officers of the Detroit Police Department, detained and searched Plaintiff without reasonable suspicion or probable cause in violation of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

26. Defendant Officers' actions were intentional, reckless, and callously indifferent to Plaintiff's constitutional rights.

27. As a direct and proximate result of Defendant Officers' unlawful actions, Plaintiff has suffered and continues to suffer, *inter alia,* bodily harm, pain and suffering, and severe mental anguish and emotional distress.

28. The misconduct described herein was objectively unreasonable and undertaken intentionally and with willful indifference to Plaintiff's constitutional rights.

29. The misconduct described herein was undertaken pursuant to the policies, practices, and customs of the City of Detroit, such that the City of Detroit also bears responsibility for the alleged actions.

### Count II - 42 U.S.C. § 1983 Municipal Liability

### (Against Defendant City of Detroit)

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

31. Defendant City of Detroit is liable for the violation of Plaintiff's constitutional rights by Defendant Officers pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

32. Defendant City of Detroit failed to adequately train, supervise, and discipline its police officers, including Defendant Officers, with respect to lawful seizures of firearms under Michigan law.

33. Defendant City of Detroit's policies, customs, and practices in failing to adequately train, supervise, and discipline its police officers were a moving force behind and proximate cause of the violation to Plaintiff's constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kevin Burlow respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Awarding compensatory damages to Plaintiff for past and future pecuniary and non-pecuniary losses resulting from the constitutional violations caused by Defendants;

B. Awarding punitive damages to Plaintiff;

C. Awarding Plaintiff his costs and reasonable attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988; and

D. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

The Cromer Law Group PLLC

                                           **/s/ Ronnie E. Cromer, Jr.,**
                                           RONNIE E. CROMER, JR. (P59148)
                                           The Cromer Law Group PLLC
                                           Attorney for Plaintiff Burlow
                                           24901 Northwestern Hwy. Ste. 612
                                           Southfield, MI 48075
                                           248-809-6790 (office)
                                           248-587-7344 (fax)
                                           rcromerjr@thecromerlawgroup.com

Dated:  August 17, 2023